# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**JUAN ROSAS-GUTIERREZ, #53847-004**                                            **PLAINTIFF**

**VERSUS**                                                  **CIVIL ACTION NO. 5:05cv037DCB-JCS**

**FEDERAL BUREAU OF PRISONS, et al.**                                  **DEFENDANTS**

## OPINION AND ORDER

On October 21, 2004, the plaintiff filed a complaint in the Southern District of Florida pursuant to 42 U.S.C. § 1983 and requested in forma pauperis status. On March 11, 2005, the plaintiff's case was transferred to this Court.

On July 28, 2005, this Court entered an order directing the plaintiff to show cause as to why this case should not be dismissed for his failure to exhaust the Bureau of Prisons administrative remedies as set forth in 28 C.F.R. § 542 (1996).[1] Plaintiff was also directed to provide this Court with documentation showing that he has satisfied the requirements of the administrative remedies program. Plaintiff was given fifteen days to file his response to the Court's order. On August 11, 2005, the plaintiff filed a motion for a sixty-day stay of the proceedings.

On September 13, 2005, this Court entered an order denying plaintiff's motion for a sixty-

---

[1] The Administrative Remedy Program within the Bureau of Prisons requires the inmate to first attempt an "informal resolution" of the issue with the staff, second to file an "initial filing" with the Warden of the institution, on the appropriate BP-9 form within 20 calendar days following the date on which the basis for the request occurred. Third, the inmate can appeal the Warden's decision to the Regional Director on the appropriate BP-10 form within 20 calendar days of the date the Warden signed the response, and, fourth, the inmate can appeal the decision of the Regional Director to the Office of the General Counsel on the appropriate BP-11 form within 30 calendar days of the date the Regional Director signed the response. 28 C.F.R. § 542.

day stay and directing plaintiff to comply with the Court's order of July 28, 2005, within thirty days from the entry of that order. The plaintiff was warned in this Court's order of September 13, 2005, that failure to timely comply with the requirements of the order may lead to the dismissal of his complaint. The envelope containing the order was returned to the Court on October 7, 2005, as "undeliverable." The order was sent to the plaintiff at his last known address.

Out of an abundance of caution, the Court entered an Order To Show Cause on November 14, 2005, directing the plaintiff to state why this case should not be dismissed for his failure to comply and allowing the plaintiff an additional fifteen days to comply prior to dismissing this cause. The order was mailed to the plaintiff at his last known address. On November 29, 2005, the envelope containing that order was also returned to the Court as "undeliverable."

The plaintiff has failed to respond to two court orders and has failed to keep this Court informed of his current address. It is apparent from the plaintiff's failure to communicate with this Court that he lacks interest in pursuing this claim. This Court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. Link, supra, 370 U.S. at

630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of plaintiff's claims, the Court's order of dismissal should provide that dismissal is without prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this opinion and order will be entered.

This the __9th__ day of  January, 2006.


    ___s/ David Bramlette_____
    UNITED STATES DISTRICT JUDGE